IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

MULSANNE MANAGEMENT, LLC,

   Plaintiff,

v.

CLAUDE TSHIMANGA,

   Defendant.

Case No.: GJH-16-1821

**MEMORANDUM OPINION**

Plaintiff Mulsanne Management, LLC brings this action against Defendant Claude Tshimanga regarding Defendant's alleged failure to comply with the terms of a home improvement contract. ECF No. 1. Now pending before the Court are Defendant's "Motion for Case Dismissal," ECF No. 8, and Plaintiff's Request for Clerk's Entry of Default, ECF No. 11. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion to Dismiss and Plaintiff's Request for Clerk's Entry of Default will both be denied.

**I. BACKGROUND**

On June 2, 2016, Plaintiff commenced the instant case, bringing six Maryland common law and statutory claims against Defendant stemming from Defendant's alleged failure to complete a housing improvement project. *See generally* ECF No. 1. A summons was issued by the Clerk's Office shortly thereafter, on June 15, 2016, ECF No. 2, but Plaintiff failed to promptly serve Defendant with a copy of the summons and complaint. Thus, on October 31, 2016, the Court issued an Order requiring Plaintiff to show good cause why the case should not be dismissed. ECF No. 5. Plaintiff submitted a detailed response on November 9, 2016,

1

explaining that, between June 29, 2016 and July 13, 2016, Plaintiff had attempted to serve Defendant six times at the only address then known to Plaintiff, 14301 Bellona Road, Apt A, Woodbridge, Virginia 22191. ECF No. 6 ¶ 1. Plaintiff stated that subsequent investigation revealed ten additional addresses for Defendant in Georgia and Virginia and that a summons was presently "out for service" at what they had determined to be Defendant's "most likely address," 14304 Jefferies Road, Woodbridge, Virginia, 22191. *Id.* ¶ 2. Finding that Plaintiff had shown good cause for the delay, the Court extended the deadline for Plaintiff to serve Defendant until January 31, 2017. ECF No. 7.

According to an affidavit of service filed by a process server, on December 16, 2016, a copy of the summons and complaint was served upon David Tshimanga, who acknowledged that he was Defendant's son, that Defendant resided at the Jefferies Road property and that he himself also resided there. ECF No. 9.

On January 30, 2017, Defendant filed a document captioned "Defendant's Motion for Case Dismissal." ECF No. 8. In his motion, Defendant requested that the Court dismiss the case without prejudice due to improper service, or, in the alternative, provide him with a 45-day extension of time to seek legal counsel. *Id.* at 2.[1] Regarding the issue of service, Defendant stated that Plaintiff knew his correct address and phone number due to their prior business relationship, which he indicated was a different apartment at the same Bellona Road address listed on the initial summons. *Id.*[2] Defendant characterized Plaintiff's statements in their response to the Court's Show Cause Order as "an attempt to mislead the Court" and stated that he "found the summons by chance as it was placed under the matt [sic] in front of his door." *Id.* at 1. Defendant

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[2] Pursuant to Fed. R. Evid. 201(b), the Court takes judicial notice of the fact that the Bellona Road and Jefferies Road properties are located approximately 300 feet from each other in adjacent apartment complexes.

2

further argued that "Plaintiff would not be able to provide any material proof of sufficient service of process." *Id.* Notably, Defendant did not mention when he discovered the summons under his mat, nor did he reference Plaintiff's service of the summons and complaint on his son at the Jefferies Road property on December 16, 2016.

On February 6, 2017, Plaintiff filed their Response in Opposition to Defendant's Motion to Dismiss, arguing that Defendant had not provided sufficient grounds for dismissal, but that Plaintiff would be amenable to a "brief" extension of time to allow Defendant to file a responsive pleading. ECF No. 10 at 3.

On February 22, 2017, Plaintiff filed the presently pending Request for Clerk's Entry of Default. ECF No. 11. In their request, they reiterated that Defendant was served on December 16, 2016, but asserted that no responsive pleading was ever filed, characterizing Defendant's motion on January 30, 2017 as solely a request for an extension of time. *Id.* ¶¶ 2-3, 5. Plaintiff also certified that a copy of their Request for Clerk's Entry of Default was emailed and mailed to Defendant at the addresses listed on his motion. *Id.* at 2. To date, Defendant has not submitted any additional filings to the Court.

## II. DISCUSSION

The Court reads Defendant's pending motion as combining a Rule 12(b)(5) Motion to Dismiss due to Improper Service of Process with a Motion for Extension of Time. Thus, despite Plaintiff's statement in their Motion for Clerk's Entry of Default, Defendant has filed a responsive pleading in this case. Because Plaintiff served Defendant on December 16, 2016, his responsive pleading was due 21 days later on January 6, 2017. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Therefore, Defendant's motion, filed on January 30, 2017, was filed late. However, in their Response in Opposition to Defendant's Motion to Dismiss, Plaintiff generally consented to

3

Defendant's request for an extension of time. Although Plaintiff did not view it as such, by the time Plaintiff filed their Response in which they consent to the extension, Defendant had already filed a responsive pleading in the form of a Rule 12(b)(5) Motion to Dismiss. Thus, in the Court's view, Plaintiff response signified their consent to Defendant's late filing of the responsive pleading. Therefore, and keeping in mind the Fourth Circuit's "strong preference that… claims and defenses be disposed of on their merits" *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010), the Court holds that Defendant's January 30, 2017 motion constitutes a responsive pleading, and thus, Plaintiff's Motion for Clerk's Entry of Default, ECF No. 11, shall be denied.

Turning next to the merits of Defendant's Motion to Dismiss, the Court finds that Plaintiff submitted sufficient evidence for the Court to conclude that they properly served Defendant on December 16, 2016, and therefore, Defendant's Motion to Dismiss will be denied.

If service is contested under Federal Rule of Civil Procedure 12(b)(5), the plaintiff "bears the burden of establishing the validity of service pursuant to [Federal] Rule [of Civil Procedure] 4." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006) (citation omitted). "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally." *Id.* But, the "plain requirements for the means of effecting service may not be ignored." *Id.*

Federal Rule of Civil Procedure 4(e) governs process of service for cases brought in federal court. It states, in relevant part, that an individual may be served by "leaving a copy of [the summons and the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there…" Fed. R. Civ. P. 4(e)(2)(B). If service is completed by someone other than a United States Marshal, an affidavit from the server must

4

be submitted to the Court as proof of service. Fed. R. Civ. P. 4(l)(1). Here, Plaintiff has submitted an affidavit of service from their process server, attesting that on December 16, 2016, he served a copy of the summons and complaint upon David Tshimanga, who acknowledged that he was Defendant's son, that Defendant resided at the Jefferies Road property and that he himself also resided there. ECF No. 9. The affidavit also stated that David Tshimanga was between the ages of 46 and 50, *id.*, which the Court finds is a suitable age to receive service of process. A process server's affidavit constitutes prima facie evidence of valid service, which the defendant may rebut through convincing evidence such as an affidavit. *See* 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. §1353 (3d ed. 2004); *see also Ngabo v. Le Pain Quotidien*, No. CIV.A. DKC 11-0096, 2011 WL 978654, at *2 (D. Md. Mar. 17, 2011) (discussed in the context of proper service under Maryland law). Here, Defendant does not submit anything to rebut Plaintiff's assertion of valid service on his son. Instead, Defendant argues that he was never personally served and that he only "found the summons by chance as it was placed under the matt [sic] in front of his door." ECF No. 8 at 1. While personal service is one way in which Plaintiff could have served Defendant, *see* Fed. R. Civ. P. 4(e)(2)(A), their selection of a different, valid, method of service does not make their service ineffective. Because Defendant has not submitted any evidence to rebut Plaintiff's proof of valid service, Defendant's Motion to Dismiss shall be denied.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 8, and Plaintiff's Motion for Clerk's Entry of Default, ECF No. 11 shall be denied.

Pursuant to Federal Rule of Civil Procedure 12(a)(4)(a), Defendant has fourteen (14) days from notice of this decision to file an Answer. A separate Order follows.

Dated: May 11, 2017

/s/
GEORGE J. HAZEL
United States District Judge